FILED
NOV 1 4 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALIK JONES,

    Plaintiff,

  v.

MIKE EVANS, Warden, et al.,

    Defendants.
                                       /

No. C 07-04277 CW (PR)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(Docket no. 4)

    Plaintiff requests the appointment of counsel to represent him in this action.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

1    The Court is unable to assess at this time whether exceptional
2    circumstances exist which would warrant seeking volunteer counsel
3    to accept a pro bono appointment. The proceedings are at an early
4    stage and it is premature for the Court to determine Plaintiff's
5    likelihood of success on the merits. Moreover, Plaintiff has been
6    able to articulate his claims adequately pro se in light of the
7    complexity of the issues involved. See Agyeman v. Corrections
8    Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).
9    Accordingly, the request for appointment of counsel at this time is
10   DENIED. This does not mean, however, that the Court will not
11   consider appointment of counsel at a later juncture in the
12   proceedings, that is, after Defendants have filed their dispositive
13   motion and the Court has a better understanding of the procedural
14   and substantive matters at issue. Therefore, Plaintiff may file a
15   renewed motion for the appointment of counsel after Defendants'
16   dispositive motion has been filed. If the Court decides that
17   appointment of counsel is warranted at that time, then it can seek
18   volunteer counsel to agree to represent Plaintiff pro bono.
19   This Order terminates Docket no. 4.
20   IT IS SO ORDERED.

Dated: NOV 14 2007

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\CW\CR.07\Jones4277.DenyATTY.wpd    2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,

v.

MIKE EVANS, WARDEN et al,

        Defendant.

Case Number: CV07-04277 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 14, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malik Jones K-09065
High Desert State Prison
Facility D-5-109
P.O. Box 3030
Susanville, CA 96127

Dated: November 14, 2007

        Richard W. Wieking, Clerk
        By: Clara Pierce, Deputy Clerk