IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES,<br><br>      Plaintiff,<br><br>   v.<br><br>MIKE EVANS, Warden, et al.,<br><br>      Defendants.<br>_____ | No. C 07-04277 CW (PR)<br><br>ORDER OF SERVICE AND<br>ADDRESSING PENDING MOTIONS<br><br>(Docket nos. 7, 10, 12) |

Plaintiff Malik Jones, a state prisoner currently incarcerated at High Desert State Prison (HDSP), has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while incarcerated at Salinas Valley State Prison (SVSP).  His motion for leave to proceed in forma pauperis has been granted.  Venue is proper in this district because the events giving rise to the action occurred at SVSP, which is located in this district.  See 28 U.S.C. § 1371(b).

## BACKGROUND

Plaintiff alleges that while he was incarcerated at SVSP, Defendant SVSP Officer Bailey created a "false 128G chonol [sic] with fabricated information on Plaintiff stating plaintiff was a child molester/had lewd and or lascivious crimes against children." (Compl. at 3).  Plaintiff further alleges that Defendant Bailey distributed the false 128G chrono to other inmates in an effort to "get Plaintiff killed or seriously injured." (Id.)  In addition, Plaintiff, who is wheelchair-bound, claims that Defendant Bailey "pushed Plaintiff out of his wheelchair" during a verbal altercation; however, Plaintiff does not specify when and where

this incident took place. (Id.)  Plaintiff claims that Defendant Bailey's conduct violated his Eighth Amendment protection from "cruel and unusual punishment" and his Fourteenth Amendment guarantees of due process and equal protection.

Plaintiff's next claim involves Defendants SVSP Warden Mike Evans, SVSP Correctional Counselor Martines, SVSP Sergeant L. Washington, SVSP Officer E. Contrazs and an unidentified female officer, SVSP Officer Jane Doe.  It concerns Plaintiff's transfer to High Desert State Prison (HDSP). (Id. at 5.)  He alleges Defendants violated his due process rights by "not stoping transfer after Plaintiff and Plaintiff's mother Doris Reed informed them Plaintiffs safety and security would be put endanger if transferred due to false 128G chronol [sic]." (Id.)  Plaintiff contends that at some point he complained to Defendant Martines about his scheduled transfer to HDSP.  According to the complaint, Defendant Martines did nothing to stop Plaintiff from being transferred. (Id. at 5.)

Plaintiff's third claim involves Defendant SVSP Sergeant Washington, as well as Defendants SVSP Correctional Officers D. Lang, Contrazs and Jane Doe.  The incident allegedly occurred at the Correctional Treatment Center (CTC) after a visit with a Dr. Bowman, who was treating Plaintiff for back spasms.  After Plaintiff's medical visit, Defendants Lang, Washington, Contrazs and Jane Doe entered the examiner's room, confiscated his property, verbally harassed him, and shackled his hands, waist and feet. (Id. at 6.)  The officers then "threw [Plaintiff] in [his] wheelchair" and took him outside the prison. (Id.)  Defendant Lang attempted to break Plaintiff's thumb by "bending it in the wrong

2

direction." (Id.)  The officers then "threw" Plaintiff to the ground, causing [him] to hit [his] head on ground, causing pain and injury."  (Id.)  The officers then dragged Plaintiff to a van with two other inmates.  (Id.)  Plaintiff claims the inmates witnessed officers "assaulting Plaintiff," and one of the inmates is named "Brown."  (Id.)  The officers decided to take Plaintiff, instead, to another car.  (Id.)  Plaintiff claims that, while he was being dragged to the car, Defendant Washington "attempted to break Plaintiff's wrist" and that Plaintiff's head was scraped along the ground, "causing more pain and injury to [his] head."  Plaintiff then claims that he was thrown across the back seat of the car, that the officers "used car door to repeatedly slam Plaintiff's knees between it," and that one of the officers "slammed car door with force so that it would hit Plaintiff in the head . . . ." (Id.)  Finally, he claims that on the way to HDSP, Defendants Lang and Jane Doe forced Plaintiff to drink a "liquid substance" while "laughing [and] stating its [sic] your medication."  (Id.) Plaintiff contends that these officers used excessive physical force in violation of the Eighth Amendment.

Plaintiff claims that he filed several 602 inmate appeals, but they were screened out.  Plaintiff alleges he eventually exhausted his administrative remedies with respect to these claims.  He seeks monetary compensation and injunctive relief for his physical and emotional injuries.

                              DISCUSSION
I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity

3

or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). It its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

4

II. Plaintiff's Claims

    A.   Injunctive Relief Claims

Plaintiff seeks both injunctive relief and money damages. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. Pub. Util. Comm'n of State of Cal. v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted; where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented. Flast v. Cohen, 392 U.S. 83, 95 (1968). Where injunctive relief is requested, questions of mootness are determined in light of the present circumstances. See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness. Id.

Because all Plaintiff's claims for injunctive relief are against SVSP officials and he is no longer incarcerated at SVSP, his claims are DISMISSED as moot. See Mitchell, 75 F.3d at 528.

    B.   Eighth Amendment Claims

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by prison guards. Whenever

5

prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Plaintiff alleges two separate instances in which he suffered excessive force. First, he alleges that Defendant Bailey pushed him out of his wheelchair during a verbal altercation. (Compl. at 3.) Second, Plaintiff alleges that he was brutally beaten and abused by prison guards during his transfer to HDSP. (Id. at 5-7.) Based on his allegations, the Court is unable to say that Plaintiff can prove no set of facts which would entitle him to relief in support of his claims of the malicious and sadistic use of force. Accordingly, the Court finds cognizable Plaintiff's Eighth Amendment claim against Defendants Bailey, Lang, Washington, Contrazs and Jane Doe.

Plaintiff's allegations relating to the incident of excessive force during his transfer to HDSP also state a claim for deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs presents a cognizable claim for violation of the Eighth Amendment). Plaintiff states that after he was abused by Defendants Lang, Washington, Contrazs and Jane Doe, he was "laid across back seat of car in chronic pain with massive headache fading in an out of consciousness while being forcibly taken to . . . HDSP." (Compl. at 6.) He claims the correctional officers continued to transport him to HDSP and failed to seek

6

1 medical treatment for Plaintiff's injuries. (Id.) Accordingly,
2 Plaintiff has adequately pled cognizable claims against named
3 Defendants Lang, Washington, Contrazs and Jane Doe for deliberate
4 indifference to his medical needs.

    C.   Claim Relating to Falsified 128G Chrono

    Plaintiff alleges that the falsified 128G chrono distributed to other inmates by Defendant Bailey violated his due process rights.

    A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). While Plaintiff claims the 128G chronos were false, his allegations do not state a due process violation. Plaintiff does not contend that he did not receive procedural due process -- his claim is simply that the report was false. Therefore, the Court finds that Plaintiff's allegations that Officer Bailey falsified the chrono is not in of itself sufficient to state a constitutional injury under the Due Process Clause. See Paul v. Davis, 424 U.S. 693, 711-14 (1976); see also Reyes v. Supervisor of Drug Enforcement Admin., 834 F.2d 1093, 1097 (1st Cir. 1987) (no due process claim for false information maintained by police department); Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminals files does not state constitutional claim). Therefore, his due process claim against Defendant Bailey is DISMISSED with prejudice.

    Plaintiff further alleges that the 128G chorno was falsified and distributed to other inmates in an effort to cause harm or even

7

death to Plaintiff. Such a claim amounts to a claim of deliberate indifference to Plaintiff's safety needs.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

Plaintiff does not allege that he suffered any harm as a result of Defendant Bailey's alleged conduct. In fact, Plaintiff states he was "safe for the most part at SVSP." (Compl. at 4.) He claims that a fellow inmate named Thomas Edwards alerted him to the false 128G chrono and, with inmate Edwards's help, he was able to "explain to most inmates on D-Yard that 128G chronol [sic] is false and Defendant Bailey was doing this to get Plaintiff killed or seriously injured." (Id. at 3.) However, a prisoner need not wait until he is actually assaulted to state a claim and obtain relief. See Farmer, 511 U.S. at 845; Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973); Stickney v. List, 519 F. Supp. 617, 620 (D. Nev. 1981).

8

Accordingly, Plaintiff has stated a cognizable Eighth Amendment claim for deliberate indifference to his safety needs against Defendant Bailey based on his allegations related to the falsified 128G chrono.

D.   Equal Protection Claims

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. See Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

Plaintiff does not argue that the mistreatment alleged in any of his claims occurred because of his race. Accordingly, his equal protection claims are DISMISSED without prejudice.

E.   Claim Challenging to Transfer to HDSP

Plaintiff's due process claim challenging his transfer to HDSP is not cognizable because it is well established that prisoners have no constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the State may generally transfer him to any of its institutions, to prisons in another State or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.

9

1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause); Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)).  A non-consensual transfer is not per se violative of either due process or equal protection rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Stinson v. Nelson, 525 F.2d 728, 730 (9th Cir. 1975), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d at 519.  "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."  McKune v. Lile, 536 U.S. 24, 39 (2002).

However, if prison officials deliberately transferred a prisoner to an institution where he would be in danger from which they could not protect him, then such an act could amount to an Eighth Amendment violation.  Plaintiff has not alleged that he was in any more danger at HDSP than he was at SVSP.  Rather, he alleges that the 128G chorno was distributed to inmates at SVSP and does not allege that Defendant Bailey distributed it at HDSP.

Accordingly, Plaintiff's due process claim challenging his transfer to HDSP is DISMISSED without prejudice.

If Plaintiff can truthfully allege facts that would support a claim that particular prison officials transferred him to HDSP with deliberate indifference to particular facts establishing serious danger to his safety there, he may move for leave to amend his complaint.

F.  State Law Claims

In addition to the federal claims discussed above, Plaintiff asserts state law claims against Defendants. Because his state law claims arise out of the same acts and events giving rise to his federal claims, the Court will exercise supplemental jurisdiction over the claims. See 28 U.S.C. § 1367(a).

Plaintiff alleges that he is entitled to relief under California tort law for the officers' attack on him during his transfer. He asserts supplementary state law claims that the actions of Defendants Washington, Lang, and Contrazs constituted both negligence and the intentional torts of assault and battery. The Court finds his state law claims cognizable.

III. Defendants

Plaintiff has named and directly linked to his surviving allegations of excessive force Defendants Bailey, Washington Lang and Contrazs. Accordingly, the Court will order service of the complaint on these Defendants.

Plaintiff identifies one Doe Defendant who participated in the incident where he was allegedly brutalized during a prison transfer. The use of "Doe" to identify a defendant is not favored in the Ninth Circuit. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, the claims against Defendant Jane Doe are DISMISSED from this action without prejudice. Should Plaintiff learn Defendant Jane Doe's identity, he may move to file an amended

11

complaint to add her as a named defendant.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

IV. Plaintiff's Pending Motions

    A.   Motion for Temporary Restraining Order

Plaintiff has filed a motion for a temporary restraining order (TRO) and/or a preliminary injunction (docket no 7).  The motion requests that he be granted an "emergency transfer" out of HDSP to ensure his safety and security.  Plaintiff claims that, since he arrived at HDSP, he "has been subjected to ongoing constant retaliation, harassment, [and] intimidation . . . ."  (Id.)

Because HDSP is not in this judicial district, Plaintiff must present any claims regarding his conditions of confinement at that prison in the United States District Court for the Eastern District of California.  Therefore, Plaintiff's motion for a TRO and/or a preliminary injunction (docket no. 7) is DENIED without prejudice to filing an action in the Eastern District of California, where HDSP is located.  The instant action will be limited to damages for Defendants' actions or omissions while Plaintiff was incarcerated at SVSP.

    B.   Motion for Summary Judgment

Plaintiff has filed a motion for summary judgment.  He alleges that, because he has submitted "overwhelming evidence" and because the defendants have failed to respond, he is entitled to summary judgment under Fed. R. Civ. P. 56(c).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In the present case, Defendants have not yet had an opportunity to defend this action because they have not yet been served. Therefore, Plaintiff's motion for summary judgment (docket no. 10) is DENIED.

    C.   Motion for Default Judgment

Plaintiff has also filed a motion for default judgment.

Under Rule 55 of the Federal Rules of Civil Procedure, judgment by default may be entered "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend" as provided by these rules. Fed. R. Civ. P. 55(a). In the present case, Defendants have not failed to defend this action, and the facts alleged by Plaintiff do not entitle him to an entry of default against them. The complaint has not been served on Defendants.

Accordingly, Plaintiff's request for default judgment (docket no. 12) is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's claims for injunctive relief are DISMISSED as moot.

2.   Plaintiff has adequately alleged a cognizable Eighth Amendment claim against Defendants Bailey, Washington, Lang and Contrazs for the use of excessive force.

3.   Plaintiff has adequately pled cognizable claims against named Defendants Lang, Washington and Contrazs for deliberate indifference to his medical needs.

4.   Plaintiff's due process claim against Defendant Bailey

13

related to the alleged distribution of a falsified 128G chrono is DISMISSED WITH PREJUDICE. However, the Court finds that Plaintiff has stated a cognizable Eighth Amendment claim for deliberate indifference to his safety needs against Defendant Bailey based on his allegations relating to the falsified 128G chrono.

    5.    Plaintiff's equal protection claims are DISMISSED WITHOUT PREJUDICE.

    6.    Plaintiff's due process claim against Defendants Evans, Martines, Washington and Contrazs challenging his transfer to HDSP is DISMISSED WITHOUT PREJUDICE.

    7.    The Court asserts SUPPLEMENTAL JURISDICTION over Plaintiff's state law claims.

    8.    Plaintiff's claims against Defendant Jane Doe are DISMISSED WITHOUT PREJUDICE.

    9.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to <u>SVSP Sergeant L. Washington and SVSP Correctional Officers Bailey, D. Lang and E. Contrazs</u>. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    10.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons,

fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    11.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.  No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly

15

served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the

16

burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

12. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

13. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

14. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

15. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

16. Plaintiff's motion for a TRO and/or a preliminary injunction (docket no. 7) is DENIED without prejudice to filing an action in the Eastern District of California.

17. Because the complaint has not been served, the following motions are DENIED as premature: "Motion for Summary Judgment" (docket no. 10) and "Motion Moving for Default Judgment" (docket no. 12).

18. This Order terminates Docket nos. 7, 10 and 12.

IT IS SO ORDERED.

DATED: 9/19/08



CLAUDIA WILKEN
United States District Judge

<div style="text-align: right; float: left;">**United States District Court**
For the Northern District of California</div>

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,

  v.

MIKE EVANS, WARDEN et al,

        Defendant.

Case Number: CV07-04277 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malik Jones K-09065
High Desert State Prison
Facility D-5-109
P.O. Box 3030
Susanville, CA 96127

Dated: September 19, 2008

                              Richard W. Wieking, Clerk
                              By: Clara Pierce, Deputy Clerk