IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES,<br><br>    Plaintiff,<br>  v.<br><br>M. EVANS, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-4277 CW (PR)<br><br>ORDER SETTING BRIEFING SCHEDULE |
| MALIK JONES,<br><br>    Plaintiff,<br>  v.<br><br>L. WASHINGTON, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-3003 CW (PR)<br><br>ORDER SETTING BRIEFING SCHEDULE |

    In its July 20, 2010 Order, the Court directed Defendants to notice another deposition of Plaintiff.  The parties are directed to abide by the following schedule.  That deposition should take place no later than <u>thirty (30) days</u> from the date of this Order.

    1.  The following briefing schedule shall govern dispositive motions in Case Nos. C 07-4277 CW (PR) and C 09-3003 CW (PR):

        a.  No later than <u>ninety (90) days</u> from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that these cases cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in these cases, he must be

prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

  c. If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 2. Pursuant to the Court's September 19, 2008 Order, discovery may be taken in these actions in accordance with the Federal Rules of Civil Procedure. The Court hereby sets a discovery cut-off date of sixty (60) days from the date of this Order.

 3. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.

 4. It is Plaintiff's responsibility to prosecute these cases. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of these actions for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

 5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time

must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 7/23/2010



CLAUDIA WILKEN
United States District Judge