**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES, | No. C 07-4277 CW (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANT BAILEY'S MOTION TO DISMISS |
| v. | (Docket nos. 83, 85) |
| M. EVANS, et al., | |
| Defendants. | |

| | |
|---|---|
| MALIK JONES, | No. C 09-3003 CW (PR) |
| Plaintiff, | ORDER REVIEWING SECOND AMENDED COMPLAINT; DISMISSING ALL CLAIMS AGAINST DEFENDANT P. BROWN; REQUIRING SERVICE ON DEFENDANTS E. RAMIREZ AND B. BROWN; ADDRESSING PLAINTIFF'S MOTION; AND ALLOWING FURTHER BRIEFING ON DEFENDANTS' MOTION TO DISMISS |
| v. | |
| L. WASHINGTON, et al., | |
| Defendants. | (Docket no. 36) |

INTRODUCTION

Plaintiff Malik Jones, a state prisoner currently incarcerated at High Desert State Prison (HDSP), filed this pro se civil rights complaint in Case no. C 07-4277 CW (PR) pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while incarcerated at Salinas Valley State Prison (SVSP).  On September 19, 2008, the Court found cognizable Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to his

**United States District Court**
For the Northern District of California

safety against Defendant SVSP Correctional Officer Bailey.  The Court also found cognizable Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to his serious medical needs against Defendants SVSP Transportation Sergeant L. Washington and SVSP Transportation Officers D. Lang and E. Contreras.[1]  The Court dismissed Plaintiff's Eighth Amendment claim for deliberate indifference to safety against Defendants Washington, Lang and Contreras with leave to amend.  The Court dismissed Plaintiff's Eighth Amendment claims against Defendant Jane Doe without prejudice to filing an amended complaint to add her as a named defendant once he learns her identity.

On February 16, 2009, Defendants Bailey, Washington, Contreras and Lang filed a motion to dismiss, arguing that Plaintiff had not complied with Federal Rules of Civil Procedure 18(a) and 20(a) because he asserted unrelated claims against multiple Defendants.

On June 3, 2009, Plaintiff filed a motion entitled, "Motion for leave to file an Amendant [sic] Complaint" in Case no. C 07-4277 CW (PR), in which he identified Defendant Jane Doe as Defendant P. Brown.

In an Order dated July 2, 2009, the Court partially granted Defendants' motion to dismiss and severed the claims against Defendants Washington, Lang, Contreras and P. Brown, assigning to them a new case number: C 09-3003 CW (PR).  The Court also granted Plaintiff's motion to amend, and directed the Clerk of the Court to substitute Defendant P. Brown for Defendant Jane Doe, but to do so

---

[1] Defendant Contreras's name was initially misspelled as "Contrazs" in Plaintiff's original complaint and the Order of Service.  However, the correct spelling is "Contreras."  (Defs'. Answer at 1.)

United States District Court
For the Northern District of California

in Case no. C 09-3003 CW (PR).  Meanwhile, the claims against

Defendant Bailey remained in Case no. C 07-4277 CW (PR).

The Court directed the Clerk of the Court to file in Case no.

C 09-3003 CW (PR) copies of the "Motion for leave to file an

Amendant [sic] Complaint" and the original complaint.

On July 22, 2009, Plaintiff filed a second amended complaint

(docket no. 46 in Case no. C 07-4277 CW (PR)), involving claims in

Case no. C 09-3003 CW (PR).  Plaintiff could not file this second

amended complaint as of right, see Fed. R. Civ. P. 15(a), and did

not move for leave to amend to file it.  The Court will deem his

filing to be a motion for leave to amend.  Because it is related to

claims in Case no. C 09-3003 CW (PR), it will be considered in that

case.  The Court will address the proposed second amended complaint

below.

Before the Court in Case no. C 07-4277 CW (PR) are Defendant

Bailey's motion to dismiss for failure to exhaust administrative

remedies, and his motion for summary judgment under Federal Rule of

Civil Procedure 56(c) for Plaintiff's failure to initiate this

action before the statute of limitations ran on his claims.

Plaintiff filed an opposition, and Defendant Bailey filed his reply

to the opposition.

Also before the Court is Plaintiff's "Supplemental Motion to

Add Information" in connection with his deposition held October 7,

2010, filed in both Case nos. C 07-4277 CW (PR) and C 09-3003 CW

(PR).

Finally, before the Court in Case no. C 09-3003 CW (PR) are

(1) a motion to dismiss all claims against Defendant P. Brown;

(2) Defendants Washington's, Lang's and Contreras's motion to

dismiss for failure to exhaust administrative remedies; and

(3) their motion for summary judgment under Federal Rule of Civil

Procedure 56(c) on the grounds that there is no genuine issue as to

any material fact, that they are entitled to judgment as a matter

of law, and that they are entitled to qualified immunity.

Plaintiff filed an opposition, and Defendants filed their reply to

the opposition.

Having considered the papers filed by the parties, the Court

GRANTS Defendant Bailey's motion to dismiss for failure to exhaust

administrative remedies in Case no. C 07-4277 CW (PR).[2]  The Court

also addresses Plaintiff's motion to add information in Case nos.

C 07-4277 CW (PR) and C 09-3003 CW (PR).  The Court DISMISSES all

claims against Defendant P. Brown and substitutes Defendant B.

Brown in Case no. C 09-3003 CW (PR).  The Court orders service of

the complaint (docket no. 1 in Case no. C 09-3003 CW (PR)) and the

second amended complaint (docket no. 46 in Case no. C 07-4277 CW

(PR)) on Defendant B. Brown.  These complaints set out cognizable

Eighth Amendment claims against Defendant Jane Doe, now B. Brown,

for the use of excessive force and for deliberate indifference to

medical needs.  Upon considering the proposed second amended

complaint, the Court finds cognizable Eighth Amendment claims for

the use of excessive force and for deliberate indifference to

medical needs against Defendant Ramirez; therefore, the Court

GRANTS Plaintiff's motion for leave to amend to add these claims to

Case no. C 09-3003 CW (PR).  The Court orders service of the

complaint (docket no. 1 in Case no. C 09-3003 CW (PR)) and second

---

[2] Because the Court grants Defendant Bailey's motion to
dismiss, it need not address his motion for summary judgment.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

amended complaint (docket no. 46 in Case no. C 07-4277 CW (PR)) on Defendant Ramirez.  Upon considering the amended Eighth Amendment claim for deliberate indifference to safety against Defendants Washington, Lang, Contreras and B. Brown raised by Plaintiff in his second amended complaint, the Court DENIES his motion for leave to amend to add this claim because he fails to state a cognizable claim.  Upon considering the remaining claims raised in his second amended complaint, the Court also DENIES Plaintiff's motion for leave to amend to add his due process and equal protection claims against Defendant Ramirez as well as all claims against Defendants Sanquist and Bocello.  Finally, the Court will not rule on Defendants Washington's, Lang's and Contreras's motion to dismiss and motion for summary judgment in Case no. C 09-3003 CW (PR) because it GRANTS Plaintiff's motion to supplement his opposition to their motions.

FACTUAL BACKGROUND[3]

On June 24, 2003, Plaintiff -- who is wheel-chair bound -- and his cell-mate Inmate Gentry moved from Facility D, Building 8 to Facility D, Building 2.  Defendant Bailey checked Plaintiff's property as he moved into the new cell.  Plaintiff alleges Defendant Bailey "threw away Plaintiff's legal documents . . . ." (Second Am. Compl. at 7.)  Defendant Bailey and Plaintiff "got into a verbal heated altercation."  (Id.)  Plaintiff alleges Defendant Bailey then "pushed Plaintiff out of his wheelchair with intent to inflect [sic] pain on Plaintiff."  (Id.)

Plaintiff also claims that while he was incarcerated at SVSP,

---

[3] The factual background cites to documents only in Case no. C 07-4277 CW (PR).

United States District Court
For the Northern District of California

Defendant Bailey created a "false" 128G chrono which "fabricated" that Plaintiff "was a child molester" and had committed "lewd and or lascivious crimes against children."[4]  (Compl. at 3.)  Plaintiff alleges Defendant Bailey distributed the false 128G chrono to other inmates in an effort to "get Plaintiff killed or seriously injured."  (Id.)

Plaintiff was transferred to HDSP on July 7, 2006.

On July 25, 2006,[5] Plaintiff submitted appeal log no. SVSP C-06-02436, alleging Defendant Bailey falsified a 128G chrono and distributed it to other inmates in order to get Plaintiff "killed or seriously injured."  (Medina Decl., Ex. I.)  Log no. SVSP C-06-02436 was denied at the first level of review and returned to Plaintiff on September 16, 2006.  The screening form attached to log no. SVSP C-06-02436 stated that Plaintiff's appeal was being returned to him because "time constraints were not met."  (Id.)

On October 17, 2006, Plaintiff submitted another inmate appeal alleging Officer Bailey falsified a 128G chrono and distributed it to other inmates in order to get Plaintiff "killed or seriously injured."  (Compl. at 30.)  The informal level review response screened out the October 17, 2006 appeal on December 14, 2006 because it was a "duplicate" of another.  (Id. at 29.)  The October 17, 2006 appeal was not assigned a log number.

On November 26, 2006, Plaintiff submitted an inmate appeal

_____

[4] The record does not establish when in the year 2003 this alleged event occurred.

[5] Plaintiff has written the date that he submitted log no. SVSP C-06-02436 as "7-25-07."  (Medina Decl., Ex. I.)  The Court assumes Plaintiff mistakenly wrote "07" instead of "06" for the year.

United States District Court
For the Northern District of California

alleging that when he received log no. SVSP C-06-02436, it was "missing" the first level of review response. (Id. at 20.) Plaintiff also alleged the screening-out decision for not meeting time constraints showed "blatant biasness [sic]," arguing that if time constraints were indeed not met, the inmate appeal would never have received a log number. (Id.)

Plaintiff also submitted an inmate appeal at HDSP, identified as log no. HDSP-06-01584, which "was related to Plaintiff's request for single cell status and transfer to" SVSP. (Mot. for Summ. J. at 10.) Log no. HDSP-06-01584 also identified Defendant Bailey.

DISCUSSION

I.   Motion to Dismiss

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. Woodford, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," id. at 85, in "compliance with an agency's deadlines and other critical procedural rules," id. at 90-91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally

United States District Court
For the Northern District of California

defective administrative grievance or appeal." Id.  Further, the
remedies "available" need not meet federal standards, nor need they
be "plain, speedy and effective." Porter v. Nussle, 534 U.S. 516,
524 (2002); Booth, 532 U.S. at 739-40 & n.5.  Even when the
prisoner seeks relief not available in grievance proceedings,
notably money damages, exhaustion is still a prerequisite to suit.
Woodford, 548 U.S. at 85-86 (citing Booth, 532 U.S. at 734); see
also Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010).

It is the prison's requirements, and not the PLRA, that define
the boundaries of proper exhaustion. Jones v. Bock, 549 U.S. 199,
218 (2007).  The California Department of Corrections and
Rehabilitation (CDCR) provides inmates the right to file
administrative appeals alleging misconduct by correctional
officers. See Cal. Code Regs. tit. 15, § 3084.1(e).  CDCR also
provides inmates the right to appeal administratively "any
departmental decision, action, condition, or policy which they can
demonstrate as having an adverse effect upon their welfare." See
id. § 3084.1(a).  In order to exhaust all available administrative
remedies within this system, a prisoner must submit his complaint
as an inmate appeal on a 602 form and proceed through several
levels of appeal: (1) informal level grievance filed directly with
any correctional staff member; (2) first formal level appeal filed
with one of the institution's appeal coordinators; (3) second
formal level appeal filed with the institution head or designee;
and (4) third formal level appeal filed with the CDCR director or
designee. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65
(9th Cir. 2009); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D.
Cal. 1997).

United States District Court
For the Northern District of California

In California state prisons, the deadline for filing a 602 inmate appeal is fifteen working days from the date the administrative decision or action being complained of is taken. See Cal. Code Regs. tit. 15, § 3084.6(c); Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (Ngo II) (finding claims unexhausted where filed more than fifteen working days after date of decision, i.e., after deadline in Title 15 of the California Code of Regulations § 3084.6(c) had passed).  However, California prison regulations explicitly create an exception to the timely filing requirement if the inmate does not have the opportunity to file his grievance during the fifteen-day filing period.  Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (remanding for district court to consider whether plaintiff had the opportunity to file a grievance within fifteen days after assault where his injuries and subsequent segregation rendered grievance form inaccessible).  The appeals coordinator is only permitted to reject an untimely appeal if "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints."  Id. (quoting Cal. Code Regs. tit. 15, §§ 3084.6(c) and 3084.3(c)(6)).  Where the inmate has all the information he needs in order to file a grievance, however, there is no delay of the fifteen-day filing period.  Harvey, 605 F.3d at 684 (distinguishing Marella and finding inmate must grieve claim of excessive force within fifteen days of the date force was used, when plaintiff had all the information he needed about the use of force, not fifteen days from the date he later discovered he had respiratory problems caused by that use of force).

Non-exhaustion under § 1997e(a) is an affirmative defense

9

**United States District Court**
For the Northern District of California

which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Defendant Bailey has done so in Case no. C 07-4277 CW (PR).  The Court now considers whether Defendant Bailey's evidence is adequate to establish that Plaintiff failed to exhaust administrative remedies with respect to the present claims.

In support of his motion to dismiss Defendant Bailey provides the declaration of E. Medina, the appeals coordinator at SVSP. Appeals Coordinator Medina conducted a computerized search of the institutional appeals database for inmate appeals submitted by Plaintiff and for the appeal responses.  He states in his declaration that he found the following:

> 11.  None of the staff complaint inmate appeals submitted by Inmate Jones was reviewed past the second level of review except, Appeal No. SVSP-D-03-01719.  Appeal No. SVSP-D-03- 01719 was not related to any conduct as described in Plaintiff's complaint.  See Exhibit D.

> 12.  There were two inmate appeals submitted by Inmate Jones at Salinas Valley from January 2003 to August 2007 that mentioned Defendant Bailey, specifically Appeal No. SVSP-D- 03-02297 and Appeal No. SVSP-C-06-02436.  Appeal No. SVSP-D-03-02297 was not reviewed past the second level of review.  See Appeal No. SVSP-D-03-02297 dated July 6, 2003 and accompanying documents mentioned above as Exhibit F.  Appeal No. SVSP-C-06-02436 was screened out on September 27, 2006.  Inmate grievances that are "screened out" are returned to the inmate with instruction on how to correct the deficiency and informed to resubmit once the deficiency is correct.  Plaintiff failed to resubmit the inmate grievance.  See Appeal No. Appeal No. SVSP-C-06-02436 dated July 25, 2006 and accompanying document mentioned as Exhibit I above.

> 13.  Inmate Jones did not submit any inmate appeals or have any inmate appeals proceed, past the second level of review that were directly related to Defendant Bailey allegedly falsifying and

distributing a 128G Chrono or pushing Inmate Jones out of a wheelchair.

(Medina Decl. ¶ 11-13.)

The Court's review of the records to which the declaration refers shows Appeals Coordinator Medina's description to be accurate.

Plaintiff alleges SVSP prison officials "wantonly decided to commit misconduct to prevent Plaintiff from exhausting." (Opp'n at 1.) Plaintiff argues that the administrative remedy became "unavailable" for purposes of the exhaustion requirement when SVSP officials prevented him from filing, and therefore he properly exhausted his administrative remedies. (Id. at 2.)

The Court finds unavailing Plaintiff's argument that prison officials prevented him from exhausting. Although Plaintiff is not required to allege that he resorted to extraordinary measures in order to exhaust his administrative remedies, conclusory allegations that the administrative remedies process is inadequate are insufficient to defeat dismissal for failure to exhaust. See White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997).

Plaintiff also claims that log no. SVSP C-06-02436 was "screened out under false pretense . . . ." (Id.) He argues the screening-out decision for untimeliness amounted to a "falsification of legal documents" designed to prevent Plaintiff from exhausting his Eighth Amendment claim against Defendant Bailey.

As Appeals Coordinator Medina explained, inmate appeals that are "screened out" are returned to the inmate with instructions on how to correct the deficiency. (Medina Decl. ¶ 13.) The screening

form attached to log no. SVSP C-06-02436 and returned to Plaintiff indicated, "If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen-out." (Medina Decl., Ex. I.) "Please return this form to the Appeals Coordinator with the necessary information attached." (Id.)

Plaintiff does not allege, nor does the record indicate, that he returned the form to the Appeals Coordinator with an explanation alleging the screening-out decision for untimeliness was inaccurate. Neither does Plaintiff allege that he did not have "the opportunity to file within the prescribed time constraints." Marella, 568 F.3d at 1027. To the contrary, Plaintiff claims that once he learned Defendant Bailey passed around a falsified 128G chrono to other prisoners, he "confronted" Defendant Bailey himself. (Am. Compl. at 4.)

Therefore, the Court finds that because Plaintiff failed to complete the administrative review process in accordance with SVSP's applicable procedural rules,[6] his claims against Defendant Bailey are DISMISSED as unexhausted.

Accordingly, Defendant Bailey's motion to dismiss filed in

---

[6] The record shows that after he was transferred to HDSP, Plaintiff completed the administrative review process as to log no. HDSP-06-01584 -- which identifies Defendant Bailey. However, Plaintiff could not exhaust his administrative remedies at HDSP with respect to his Eighth Amendment claim against Defendant Bailey stemming from the alleged falsified 128G chrono because he sought relief from HDSP, not from SVSP. As such, log no. HDSP-06-01584 does not serve to exhaust Plaintiff's Eighth Amendment claim against Defendant Bailey.

12

**United States District Court**
For the Northern District of California

Case no. C 07-4277 CW (PR) is GRANTED.[7]  Dismissal is without prejudice to refiling if he is able to exhaust these claims.  The Clerk shall enter judgment in accordance with this Order, terminate all pending motions and close the file.

II.   Defendant P. Brown's Motion to Dismiss; Plaintiff's Second
      Amended Complaint; and Plaintiff's Motion to Supplement in
      Case no. C 09-3003 CW (PR)

The Court now reviews the second amended complaint filed in Case no. C 07-4277 CW (PR) (docket no. 46).  First, because it is related to the claims in Case no. C 09-3003 CW (PR), the Court directs the Clerk to file the second amended complaint in Case no. C 09-3003 CW (PR).

A.   Defendant Brown

As mentioned above, in the Order of Service in Case no. C 07-4277 CW (PR), the Court dismissed Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference against Defendant Jane Doe with leave to amend.  In Plaintiff's "Motion for leave to file an Amendant [sic] Complaint" (docket no. 44 in Case no. C 07-4277 CW (PR)), he identified Defendant Jane Doe as "P. Brown."  (Pl.'s Mot. for Lv. to File Am. Compl. in Case no. C 07-4277 CW (PR) at 1.)

In an Order dated July 2, 2009, the Court granted Plaintiff's motion and directed the Clerk to substitute Defendant P. Brown for Defendant Jane Doe, but to do so in Case no. C 09-3003 CW (PR).

In the dispositive motion filed in Case no. C 09-3003 CW (PR),

---

[7] Because the Court grants Defendant Bailey's motion to dismiss for Plaintiff's failure to exhaust administrative remedies, it need not decide his motion for summary judgment under Federal Rule of Civil Procedure 56(c) for Plaintiff's failure to initiate this action before the statute of limitations ran on his claims.

United States District Court
For the Northern District of California

Defendants claim that Defendant P. Brown was "erroneously identified as a transportation officer in the vehicle with Plaintiff during the transport to [HDSP] in a response to Plaintiff's discovery request."  (Defs.' Mot. to Dismiss and Mot. for Summ. J. in Case no. C 09-3003 CW (PR) at 18.)  They further state that Defendant P. Brown was "working as a correctional officer at Mule Creek State Prison on the day of the alleged incident," and thus "not involved in any way with the events occurring on July 7, 2006" at SVSP.  (Id. at 18-19.)  Therefore, they argue that all claims against Defendant P. Brown should be dismissed from this case.  (Id. at 19.)  Defendants have also amended their discovery response to identify the transportation officer as "B. Brown."  (Id.)

Accordingly, the Court partially GRANTS the dispositive motion filed in Case no. C 09-3003 CW (PR) as to Defendant P. Brown and dismisses all claims against her.  The Clerk is directed to amend the docket in Case no. C 09-3003 CW (PR) to reflect the correct initial of Defendant Brown's first name as "B."  The Court orders service of the complaint (docket no. 1 in Case no. C 09-3003 CW (PR)) and the second amended complaint (docket no. 46 in Case no. C 07-4277 CW (PR)) on Defendant B. Brown.  These complaints set out cognizable Eighth Amendment claims against Defendant Jane Doe, now B. Brown, for the use of excessive force and for deliberate indifference to medical needs.

> B.   Eighth Amendment Claims against Defendants Washington, Lang, Contreras and B. Brown for Deliberate Indifference to Safety

Plaintiff alleges in his original complaint in Case no. C 07-4277 CW (PR) that Defendants Washington, Lang, Contreras and Jane

**United States District Court**
For the Northern District of California

Doe (now B. Brown) violated his Eighth Amendment right to be free of cruel and unusual punishment when they "forcibly" took him to HDSP.  (Compl. at 6.)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  Farmer, 511 U.S. at 834; Hearns v. Terhune, 413 F.3d 1036, 1040-41 (9th Cir. 2005).

The Court dismissed Plaintiff's Eighth Amendment claim for deliberate indifference to safety against Defendants Washington, Lang, Contreras and Brown in Case no. C 07-4277 CW (PR) on the ground that Plaintiff had not "alleged that he was in any more danger at HDSP than he was at SVSP."  (Order of Service at 10.) The Court instructed Plaintiff that if he "can truthfully allege facts that would support a claim that particular prison officials transferred him to HDSP with deliberate indifference to particular facts establishing serious danger to his safety there, he may move for leave to amend his complaint."  (Id.)

The Court now considers the proposed second amendment complaint which Plaintiff has filed in Case no. C 07-4277 CW (PR). In it, he alleges the "unwarranted adverse transfer was done so that prison official would have easier access to harass, retaliate," and "attempt to kill."  (Second Am. Compl. at 9.)  He claims HDSP officials "continually attempt[ed] and almost succeded

**United States District Court**
For the Northern District of California

[sic] several times" to kill Plaintiff.  Plaintiff alleges these attempts "severely" injured and "permanently disabled" Plaintiff. (<u>Id.</u>)

While Plaintiff has alleged his belief that he was in more danger at HDSP, he has failed to allege facts that would support a claim that Defendants Washington, Lang, Contreras and B. Brown transferred him to HDSP knowing that he faced serious danger to his safety there.  Instead, Plaintiff makes conclusory allegations that these Defendants were deliberately indifferent to his safety by transferring him to HDSP.  Such conclusory allegations are not sufficient to show that these Defendants were "subjectively deliberately indifferent" to Plaintiff's safety.  <u>See</u> <u>Farmer</u>, 511 U.S. at 834.  Because Plaintiff fails to state a cognizable claim, his motion for leave to amend to add his Eighth Amendment claim for deliberate indifference to his safety against Defendants Washington, Lang, Contreras and B. Brown is DENIED.

C.   Plaintiff's Supplemental Motion to Add Information

Plaintiff moves to add information in connection with his deposition on October 7, 2010.  In support of his motion, Plaintiff states "he will expound on facts in connection with incidents of Defendants P./B. Brown and Lang stoping [sic] along the way of forced transfer and forcing Plaintiff to drink and swallow a liquid substance that . . . discombobulated Plaintiff and made him more helpless . . . ."  (Mot. to Add Information at 1.)

This claim appears to relate to the allegations in Case no. C 09-3003 CW (PR).  Therefore, the Court construes Plaintiff's motion to add information as a motion to supplement his opposition in that case.  Plaintiff is granted leave to file a supplemental

16

opposition to Defendants' motion to dismiss and motion for summary judgment in Case no. C 09-3003 CW (PR) within <u>thirty (30) days</u> of this Order.  If Defendants wish to file a supplemental response to Plaintiff's supplemental opposition, they may do so no later than <u>fifteen (15) days</u> after Plaintiff's supplemental opposition is filed.

    D.    Defendant Ramirez

    In Case no. C 09-3003 CW (PR), the Court found that Plaintiff stated a claim that Defendants Washington, Lang, Contreras and Jane Doe (now B. Brown) violated Plaintiff's Eighth Amendment rights by using excessive force against him on July 7, 2006 during his transfer to HDSP and by being deliberately indifferent to his serious medical needs when they failed to treat his injuries. Plaintiff also alleges in his proposed second amended complaint that Defendant Ramirez violated his Eighth and Fourteenth Amendment rights in that he "aided and abeded [sic] Defendants and other prison officials" in Plaintiff's transfer to HDSP.  (Second Am. Compl. at 8.)

    As noted above, a prison official violates the Eighth Amendment when two requirements are met: (1) the violation alleged must be, objectively, sufficiently serious, <u>see</u> <u>Farmer</u>, 511 U.S. at 834 (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, <u>see</u> <u>id.</u> (citing <u>Wilson</u>, 501 U.S. at 297).  In determining whether a deprivation of a basic necessity, such as medical care, is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation.  The more basic the need,

17

**United States District Court**
For the Northern District of California

1   the shorter the time it can be withheld.  See Johnson v. Lewis, 217

2   F.3d 726, 731 (9th Cir. 2000).

3       In prison-conditions cases, the necessary state of mind is one

4   of "deliberate indifference."  See, e.g., Farmer, 511 U.S. at 834.

5   A prison employee is deliberately indifferent if he knows that a

6   prisoner faces a substantial risk of serious harm and disregards

7   that risk by failing to take reasonable steps to abate it.  Id. at

8   837.

9       Liberally construed, Plaintiff's allegations that Defendant

10  Ramirez "aided and abetted" the actions of Defendants Washington,

11  Lang, Contreras and B. Brown of failing to attend to his injuries

12  during his transfer to HDSP states a claim for deliberate

13  indifference to his serious medical needs.  See Estelle v. Gamble,

14  429 U.S. 97, 104 (1976) (deliberate indifference to serious medical

15  needs presents a cognizable claim for violation of the Eighth

16  Amendment).  Liberally construed, Plaintiff's allegations that

17  Defendant Ramirez "aided and abetted" the actions of these

18  Defendants during the transfer also state a claim for excessive

19  force.  Accordingly, Plaintiff has adequately plead cognizable

20  claims against Defendant Ramirez for deliberate indifference to his

21  medical needs and excessive force.  Therefore, the Court GRANTS

22  Plaintiff's motion for leave to amend to add these claims to Case

23  no. C 09-3003 CW (PR).

24      However, Plaintiff's due process claim against Defendant

25  Ramirez challenging his transfer to HDSP is not cognizable because

26  it is well established that prisoners have no constitutional right

27  to incarceration in a particular institution.  See Olim v.

28  Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S.

215, 224 (1976).   Further, Plaintiff's equal protection claim

against Defendant Ramirez is not cognizable because does not argue

that the mistreatment alleged occurred because of his race.

Accordingly, the Court DENIES Plaintiff's motion for leave to

amend to add his Fourteenth Amendment due process and equal

protection claims against Defendant Ramirez.

E.   Defendants Sanquist and Bocello

Plaintiff alleges Defendants Sanquist and Bocello violated his

Eighth and Fourteenth Amendment rights on a number of occasions.[8]

Plaintiff claims Defendant Sanquist "maliciously and sadistically"

struck Plaintiff with a pair of handcuffs, "chiping [sic]

Plaintiff's tooth," in violation of his Eighth and Fourteenth

Amendment rights.   (Id. at 9.)   Defendant Bocello allegedly

sexually assaulted him in violation of his Eighth and Fourteenth

Amendment rights.   Plaintiff also alleges both Defendants Sanquist

and Bocello forced Plaintiff to sleep in a "cage" on a concrete

floor for two days without a mattress, bedding or food, in

violation of his Eighth and Fourteenth Amendment rights.   (Id.)

The Court DENIES Plaintiff's motion for leave to amend to add his

claims alleged against Defendants Sanquist and Bocello because they

are not related to the claims before the Court.   If Plaintiff

wishes to raise these claims, he must file a new civil rights

action after exhausting his administrative remedies.

---

[8] Plaintiff also alleges Defendants Evans and Martines
violated his Eighth and Fourteenth Amendment rights because they
"never responded to Plaintiff's request for interviews" concerning
his transfer to HDSP and, as such, aided and abetted the transfer.
(Second Am. Compl. at 7-8).   Plaintiff raised this claim in his
original complaint, and the Court did not find it cognizable.
Therefore, the Court does not grant Plaintiff leave to raise this
claim again.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

CONCLUSION

For the foregoing reasons,

1.   The Court orders the following as to Case. no. c 07-4277 CW (PR):

a.   The Court finds that the evidence is adequate to support Defendant Bailey's affirmative defense of non-exhaustion of administrative remedies, and GRANTS Defendant Bailey's Rule 12(b) unenumerated motion to dismiss Plaintiff's excessive force and deliberate indifference to safety claims as unexhausted (docket no. 85 in Case no. C 07-4277 CW (PR)).  Dismissal is without prejudice to re-filing if Plaintiff is able to exhaust these claims.

b.   The Clerk shall enter judgment in accordance with this Order, terminate all pending motions in this case, including Plaintiff's motion to add information (docket no. 83 in Case no. C 07-4277 CW (PR)), and close the file.

2.   The Court orders the following as to Case no. C 09-3003 CW (PR):

a.   The Clerk shall file Plaintiff's second amended complaint (docket no. 46 in Case no. C 07-4277 CW (PR)) in Case no. C 09-3003 CW (PR).

b.   The Court partially GRANTS the dispositive motion (docket no. 38) filed in Case no. C 09-3003 CW (PR) as to Defendant P. Brown.  All claims against Defendant P. Brown are DISMISSED. The Clerk is directed to amend the docket in Case no. C 09-3003 CW (PR) to reflect the correct initial of Defendant Brown's first name as "B."

c.   The Court will not rule on Defendants Washington's, Lang's and Contreras's motion to dismiss and motion for summary

**United States District Court**
For the Northern District of California

judgment in Case no. C 09-3003 CW (PR).  Plaintiff's Supplemental

Motion to Add Information (docket no. 36 in Case no. C 09-3003 CW

(PR)) -- which has been construed as a motion to supplement his

opposition -- is GRANTED.  Plaintiff may file a supplemental

opposition to these Defendants' motion to dismiss and motion for

summary judgment within <u>thirty (30) days</u> of this Order.  If

Defendants Washington, Lang and Contreras wish to file a

supplemental response to Plaintiff's supplemental opposition, they

may do so no later than <u>fifteen (15) days</u> after Plaintiff's

supplemental opposition is filed.

     d.   Plaintiff's motion for leave to amend to add his

claims alleged against Defendants Sanquist and Bocello is DENIED

because they are not related to the claims before the Court.  If

Plaintiff wishes to raise these claims, he must file a new civil

rights action after exhausting his administrative remedies.

     e.   Plaintiff has alleged cognizable Eighth Amendment

claims against Defendant Ramirez for use of excessive force and

deliberate indifference to his serious medical needs; therefore,

the Court GRANTS his motion for leave to amend to add these claims

to Case no. C 09-3003 CW (PR).  The Court DENIES Plaintiff's motion

for leave to amend to add his Eighth Amendment claim for deliberate

indifference to his safety against Defendants Washington, Lang,

Contreras and Brown as well as his due process and equal protection

claims against Defendant Ramirez.

     f.   The Clerk shall mail a Notice of Lawsuit, a Request

for Waiver of Service of Summons, two copies of the Waiver of

Service of Summons, copies of the complaint and all attachments

thereto (docket no. 1 in Case no. C 09-3003 CW (PR)), the second

**United States District Court**
For the Northern District of California

amended complaint and all attachments thereto (docket no. 46 in Case no. C 07-4277 CW (PR)), the Orders dated November 19, 2008 and July 2, 2009 (docket nos. 14, 45 in Case no. C 07-4277 CW (PR)), and this Order to <u>SVSP Officers E. Ramirez and B. Brown</u>.  The Clerk shall also mail a copy of the complaint and a copy of this Order to Adrian Shin at the State Attorney General's Office in San Francisco, the attorney representing Defendants Washington, Lang and Contreras.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

          g.    Defendants Ramirez and B. Brown are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if these Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if these Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), they will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants Ramirez and B. Brown are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before these Defendants have been

**United States District Court**
For the Northern District of California

personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

        h.   Defendants Ramirez and Brown shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

        1)   No later than <u>thirty (30) days</u> from the date these Defendants' answer is due, they shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. They may join in Defendants Washington's, Lang's and Contreras's motion to dismiss and motion for summary judgment. If these Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        2)   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on these Defendants no later than <u>thirty (30) days</u> after the date on which their motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to

oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendant], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to these Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

3)  If Defendants Ramirez and Brown wish to file a reply brief, they shall do so no later than fifteen (15) days after the date Plaintiff's opposition is filed.

1    4)   The motion shall be deemed submitted as of the

2 date the reply brief is due.  No hearing will be held on the motion

3 unless the Court so orders at a later date.

4         i.   It is Plaintiff's responsibility to prosecute this

5 case.  Plaintiff must keep the Court informed of any change of

6 address and must comply with the Court's orders in a timely

7 fashion.

8         j.   Extensions of time are not favored, though

9 reasonable extensions will be granted.  Any motion for an extension

10 of time must be filed no later than <u>fifteen (15) days</u> prior to the

11 deadline sought to be extended.

12    3.   This Order terminates Docket nos. 83 and 85 in Case no.

13 C 07-4277 CW (PR) and Docket no. 36 in Case no. C 09-3003 CW (PR).

14    IT IS SO ORDERED.

15 DATED: 3/31/2011                  _Claudia Wilken_____

16                             CLAUDIA WILKEN
                             United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

2

3

MALIK JONES,

4                                                                    Case Number: CV07-04277 CW
                      Plaintiff,                                                  CV09-3003CW
5

           v.                                              **CERTIFICATE OF SERVICE**
6

MIKE EVANS, WARDEN et al,

7

                      Defendant.
8   _____/

9

10   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

11   That on March 31, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
     located in the Clerk's office.

13

14   Malik  Jones K-09065
     FC-O-3-116
15   P.O. Box 1050
     Soledad,  CA 93960

16

17   Adrian Shin

     Deputy Attorney General
18   455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102

19

20   Officer E. Ramirez
     Salinas Valley State Prison
21   P.O. box 1020
     Soledad, CA 93960-1020

22

23   Officer B.Brown
     Salinas Valley State Prison
24   P.O. box 1020
     Soledad, CA 93960-1020

25

26   Dated: March 31, 2011

                                                     Richard W. Wieking, Clerk
27                                                   By: Nikki Riley, Deputy Clerk

28

United States District Court
For the Northern District of California