IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES, | No. C 07-04277 CW (PR) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Docket nos. 101, 102) |
| M. EVANS, et al., | |
| Defendants. | |

Plaintiff Malik Jones, a state prisoner currently incarcerated at High Desert State Prison (HDSP), filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging the violation of his constitutional rights while incarcerated at Salinas Valley State Prison (SVSP). The Court found cognizable Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to his safety against Defendant SVSP Correctional Officer Bailey.

On March 31, 2011, the Court granted Bailey's motion to dismiss the complaint for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a). Judgment was entered in favor of Bailey that same date.

Now pending before the Court is Plaintiff's motion for "Reconsideration of Judgment," which the Court construes as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Plaintiff also has appealed the Court's Order and Judgment to the Ninth Circuit Court of Appeals, which, in an Order filed October 11, 2011, notified this Court that it is holding the appeal "in abeyance pending the district court's resolution of the April

20, 2011 pending motion for reconsideration."  (Docket no. 105 at 1.)

Where the district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based on Rule 60(b) of the Federal Rules of Civil Procedure.  See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

In the present motion, Plaintiff argues reconsideration should be granted and the judgment of dismissal vacated because the Court wrongly interpreted the evidence presented by the parties in support of and in opposition to the motion to dismiss.

In particular, Plaintiff maintains the Court wrongly decided the motion because the evidence shows that SVSP prison officials deliberately prevented him from exhausting administrative remedies by (1) stealing the first level response to his appeal, (2) modifying the "received" date on his appeal, (3) screening out the appeal as untimely filed, and (4) waiting more than one month to return to Plaintiff the appeal and screening form. Also, Plaintiff maintains that the Court wrongly determined that he did not attempt to challenge the accuracy of the screening decision because the evidence shows that, after his rejected appeal was returned to him, he submitted another appeal claiming that the denial of the first appeal as untimely was due to bias.

Plaintiff's arguments concerning the deliberate actions of SVSP prison officials to prevent him from exhausting administrative remedies were raised in Plaintiff's opposition to the motion to dismiss and discussed by the Court in the Order granting that motion. Although Plaintiff disagrees with the Court's ruling, he has presented no evidence or legal argument that warrants reconsideration. Further, Plaintiff's contention that the Court wrongly determined that he did not attempt to challenge the appeal decision is without merit. Rather, the Court found that Plaintiff had not followed the explicit instructions provided on the screening form for challenging the screening decision. Specifically, the Court found as follows:

> As Appeals Coordinator Medina explained, inmate appeals that are "screened out" are returned to the inmate with instructions on how to correct the deficiency. (Medina Decl. ¶ 13.) The screening form attached to log no. SVSP C-06-02436 and returned to Plaintiff indicated, "If you allege the above reason is inaccurate, then attach an explanation on a separate

3

>     piece of paper, or use the back of this screen-out."
>     (Medina Decl., Ex. I.)  "Please return this form to the
>     Appeals Coordinator with the necessary information
>     attached."  (Id.)
>
>     Plaintiff does not allege, nor does the record
>     indicate, that he returned the form to the Appeals
>     Coordinator with an explanation alleging the screening-
>     out decision for untimeliness was inaccurate.  Neither
>     does Plaintiff allege that he did not have "the
>     opportunity to file within the prescribed time
>     constraints."  [Citation omitted.]  To the contrary,
>     Plaintiff claims that once he learned Defendant Bailey
>     passed around a falsified 128G chrono to other prisoners,
>     he "confronted" Defendant Bailey himself.  (Am. Compl. at
>     4.)

Docket no. 98 at 11:26-12:15.

Plaintiff did not argue in his opposition, nor does he here, that he followed the procedures on the screening form.

Accordingly, for the reasons discussed above, Plaintiff's motion for reconsideration is DENIED.

With the denial of the motion for reconsideration the notice of appeal becomes effective.  See Fed. R. App. P. 4(B)(i).

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed in forma pauperis (IFP) in district court, as Plaintiff was here, may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith, which in this context means that it is frivolous.  See Ellis v. United States, 356 U.S. 674, 674-75 (1958).  The appeal is taken in good faith; therefore, Plaintiff may continue his IFP status on appeal.

Pursuant to the Ninth Circuit's October 11, 2011 Order, Plaintiff "shall file an amended notice of appeal" within thirty (30) days of the date of this Order.  (Docket no. 105 at 1.)

The Clerk of the Court shall notify Plaintiff and the Ninth

4

Circuit of this Order.  See Fed. R. App. P. 24(a)(4).

    This Order terminates Docket nos. 101 and 102.

    IT IS SO ORDERED.

Dated: 10/17/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,

v.

MIKE EVANS, WARDEN et al,

        Defendant.

Case Number: CV07-04277 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malik Jones K-09065
FC-O-3-116
P.O. Box 1050
Soledad, CA 93960

Dated: October 17, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk